LINDA SHAO (CA 182768)
LAW OFFICE OF LINDA SHAO, APLC
28 North First Street, Suite 618
San Jose, CA 95131
Phone:  408-873-3888
Fax:     408-873-3889
Attorney for Defendants Tenergy Corporation and
Porta Power Technology, Inc.
Specially appearing only

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DELL INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TENERGY CORPORATION, a California corporation, PORTA POWER TECHNOLOGY, INC., a California Corporation, XYZ COMPANIES 1-25 and JOHN/JANE DOE NOS. 1-25,<br><br>Defendants. | Civil Action No.  CV08-0781 TEH<br><br>**DEFENDANTS' EX PARTE APPLICATION/MOTION FOR PROCEDURAL CHANGES INCLUDING TRANSFER DIVISION TO SAN JOSE, ENLARGE TIME FOR DEFENDANTS TO RESPOND TO THE COMPLAINT AND RELIEF FROM AN OBLIGATION IMPOSED BY FRCivP RULES 16, 26, ORDER SETTING INITIAL INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES** |

Pursuant to Standing Order #3, Defendants hereby apply ex parte an order to effect the following procedural changes:

1. transfer division from San Francisco to San Jose with new assignment

2. enlarge time for Defendants to respond to the Complaint by 20 days after the transfer is effective such that Plaintiff is not permitted to proceed with request for entry of default during the transfer

3. defendants are relieved from the obligation imposed by FRCivP Rules 16, 26, and from the Order Setting Initial Case management Conference and ADR deadlines with the schedule in

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NY02:612019.1 CONSENT JUDGMENT
Case No. CV08-0781

04401\1441890.1

accordance with the new assignment of the case after transfer

**GOOD CAUSE SUPPORTING THIS APPLICATION/MOTION**

Plaintiff alleged in ¶10 of the Complaint that "Assignment is proper in this Division because a substantial part of the events and/or omissions that give rise to this dispute occurred in this Division." In fact, contrary to such allegation, there were **no** events or omissions occurred in this Division. Contradictory to ¶10, Plaintiff stated in Complaint Paragraphs 3 and 4 that both named defendants are located in Santa Clara County. As admitted by Plaintiff's counsel Brandon Wisoff, Esq., he appeared in San Jose many times and was aware of the existence of San Jose court and the judges in San Jose that handle trademark disputes. However, Plaintiff chose to file the Complaint in San Francisco to the gross inconvenience of the defendants.

The undersigned urged Plaintiff to do the transfer spontaneously, however, Plaintiff's counsel refused to do so. Thus, in good faith meet or confer, the undersigned sent a stipulation to Plaintiff's counsel, before filing this motion. Plaintiff's counsel, however, placed unreasonable terms and conditions and refused to consider Defendants' reasonable requests. Plaintiff's counsel simply executed the stipulation pursuant to his own terms and instructed Defendant's counsel to file it, without first obtaining defendants' counsel's consent. (Exhibit A)

Plaintiff's purported stipulation is unreasonable in restricting defendants' right to respond to the Complaint by way of an answer only, asking defendants to forsake their rights for a motion to dismiss under FRCivP Rule 12b and Rule 19. In reaching an understanding that the case should be transferred to San Jose and knowing there will be a change of judge, Plaintiff's counsel nevertheless refused to vacate the Order Setting Initial Case Management Conference and ADR Deadlines and refused to even consider enlarge the time set forth in the Order Setting Initial Case Management.

The Complaint was filed on 2/1/2008, the ensuing date after Plaintiff *started* to contact

> 註解 [I1]: Almost all exhibits of Complaint are illegible. The defendants were only enduser retailer or whole saler, and do not have any manufacturing activities. As Dell does not disclose authorized dealers, the defendants are only victims of misrepresentations of their vendors.
>
> 註解 [I2]: Plainitff refused to disclose who is the authorized dealers of Plainitff while Dell has no factory and licensed to secret persons selling computer parts. Up to the time the motion is filed, the upper stream vendor of Porta Power Technology, Inc. has not been contacted by Plainitff's counsel. The upper stream vendor is also located in Santa Clara County and is indispensible party.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Defendants Ex Parte Application/Motion to Procedural Changes
Case No. CV08-0781
- 2 -

Defendant Tenegy Corporation, without participation of Defendants' counsel. Plaintiff has admitted that Defendant Tenegy Corporation is not intentional infringer. The actual damages involved is believed to be less than $1,500. For the matter mentioned in the Complaint, Plaintiff's counsel did not contact Porta Power Technology, Inc. until *after* the Complaint was filed. During such contacts, defendants were without counsel and were never informed of ADR proceeding. There was no ADR pamphlet provided by Plaintiff's counsel to Defendants. They were not even asked to contact an attorney. Unable to afford Plaintiff's extortion, the undersigned was eventually contacted. On or about April 9, 2008, both parties agreed that this case is not worthwhile to have the court's involvement at all and should settle. The defendants are not manufacturers and the actual damaged are minimal. After the undersigned provided proposed settlement terms to Plaintiff's counsel in early March, Plaintiff's counsel were busy with other matters and delayed until early April to respond with a counteroffer. Several extensions of the time for Defendants to respond to the Complaint was provided during the negotiation process as mentioned above, with the last due date set by Plaintiff being April 21. On April 14, 2008, Plaintiff's counsel agreed to judicial settlement conference. However, the parties still have disputes over these procedural issues.

Defendants would like to save litigation costs per judicial economy and believe that this case should be dismissed, including but not limited to, for the reason of improper venue (clarified to be improper division later), and thus Defendants should not respond to the Complaint until after the Complaint is filed in a proper venue/division. On April 14, 2008 when Plaintiff eventually orally agreed to judicial settlement conference, Plaintiff, however, threatened to file initial disclosure and proceed with request for entry of default on April 21, 2008, meaning to harass Defendants with more litigation costs, while he knows Defendants' counsel is grossly inconvenient and unavailable for litigation until early May. On 3/24/2008, the undersigned

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Defendants Ex Parte Application/Motion to Procedural Changes
Case No. CV08-0781

- 3 -

1  informed Plaintiff's counsel of the imminent need to go to Taiwan for family emergency.  The

2  undersigned left for Taiwan on 3/28/2008 and is presently in Taiwan caring for her aged father.

3  For settlement purpose only, while very inconvenient without free access to internet and research

4  tools, the undersigned still attempted to settle with Plaintiff, for the benefit of judicial economy.

5  This ground is different from the reasons for continuances in the past.   The reason for

6  continuance in the past was to accommodate to the parties' counsel's schedule on negotiations.

7  Thus, the undersigned asked that the due date to respond to the Complaint be extended to May 6,

8  2008, one day after her returning to the U.S.  Plaintiff never agreed to but also did not object to

9  the date as shown in Exhibit 3 and 4.   While Plaintiff refused to make correction of transferring

10  division itself, Defendants are prejudiced by its false pleading in the Complaint ¶10 and is forced

11  to proceed with this application/motion during the time Defendants' counsel is unavailable.

12  Numerous attempts to meet or confer in good faith effort have been exhausted. (See Declaration

13  of Linda Shao)

14  WHEREFOR, pursuant to Civil Local Rule 7-10 and Standing Order ¶3, Defendants respectfully

15  request the court to grant relief as requested.  Any costs requested for file transfer should be borne

16  by Plaintiff who willfully file the case in San Francisco to the gross inconvenience of Defendants

17  and refused to make correction before Defendants' appearance.

Dated:  April 17, 2008

Respectfully submitted,
LAW OFFICES OF LINDA SHAO, APLC


By:/s/_____
   Linda Shao, Esq.
   Attorney for Defendants Tenergy
   Corporation and Porta Power Technology
   Inc.
   Specially appearance only

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Defendants Ex Parte Application/Motion to
Procedural Changes
Case No. CV08-0781

4
- -