

April 17, 2008

*Via Electronic Filing*

Hon. Thelton E. Henderson
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    Dell, Inc. vs. Tenergy Corporation and Porta Power Technology, Inc., et al.
                Civil Action CV 08-0781 TEH

Dear Judge Henderson:

      I write as local counsel for Plaintiff Dell, Inc. ("Dell") in the above-referenced matter in response to Defendants' *ex parte* application "for procedural changes" (Docket No. 16) filed at almost 11:00 p.m. last night and not received until this morning.[1]  Dell would like an opportunity to respond to the application before the Court rules upon it.  While Local Rule 7-10 provides no deadline for responding to an *ex parte* application, Rule 7-11 does provide three days for a response to a motion for administrative relief.  Dell requests that the Court treat the *ex parte* motion as a Rule 7-11 motion for administrative relief and provide Dell with three days in which to respond.  Given that the application was filed long after business hours on April 16, Dell asks that the application be treated as having been filed on April 17 and that Dell be given to and including Tuesday, April 22 in which to respond (*i.e.*, three days excluding the weekend).

      Dell's response will, among other things, demonstrate the following:

      1.    Dell's Complaint alleges that Defendants have been willfully selling counterfeit, infringing "Dell" batteries that are of inferior quality and present a potential fire and safety hazard to the public.  The Complaint was filed on February 1 and served on both Defendants on February 11, 2008, over two months ago.  The Answer was initially due on March 2, 2008.

---

[1] The papers submitted by Linda Shao, Esq., Defendants' lawyer, bear the "Farella Braun & Martel LLP" logo on the bottom left hand corner of each page.  Ms. Shao appears to have used a Farella Braun & Martel template from this case to submit her application papers to the Court.  Farella Braun & Martel, however, represents Dell, not Defendants.



Hon. Thelton E. Henderson
April 17, 2008
Page 2

      2.      Back in February, Dell was initially discussing a potential resolution of the matter with Defendants and believed it was close to resolving the matter, until about February 18 when Defendants retained counsel. In view of the settlement discussions that had occurred and the insertion of Defendants' counsel, Dell granted Defendants' request for an extension of time until March 10 to respond to the Complaint on the understanding that Defendants were going to negotiate with Dell and agree to the entry of a consent judgment. Defendants did not respond (by motion or answer) to the Complaint by March 10, and instead unilaterally granted themselves a further extension of time. Dell has nevertheless told Defendants' counsel, on repeated occasions, that it would agree to extensions of time under certain conditions. Defendants never accepted those proposals nor did they seek an extension of time from the Court within which to answer or respond to the Complaint. As a result, Defendants have been technically in default for over a month, that is, since March 10, 2008.

      3.      Dell is concerned that Defendants have engaged in a pattern of delay. For example, on February 11, 2008, Dell provided Defendants with a settlement proposal that took the form of a Consent Judgment. However, after Defendants' counsel became involved, Dell did not receive a counterproposal until March 14, 2008. Indeed, Defendants' counsel, on various occasions, told Dell that she could not respond to the Complaint or discuss settlement because: (1) she was sick; (2) busy with other matters; or (3) now out of the country in Taiwan. It adds to Dell's concerns that Defendants' counsel has never formally appeared in the action as counsel of record; Defendants' *ex parte* application even now indicates that she is "specially appearing only."

      4.      Throughout this period of time, Defendants' counsel has asserted that "venue" is improper in San Francisco and that the case should be transferred to San Jose. Dell has noted that "venue" is proper in the Northern District of California and that "intradistrict assignment" to San Francisco is also proper under Local Rule 3-2(c) because (1) this is an "intellectual property" action that is an "excepted" category that "shall be assigned on a district-wide basis," (2) Defendants operate an Internet business via a web site accessible throughout the United States, including the Northern District of California (Tenergy Corporation's own web site reveals that it has customers in San Francisco); and (3) Defendants have offered counterfeit Dell products for sale throughout the Northern District. Dell nevertheless offered to stipulate to a intradistrict reassignment to San Jose for the convenience of Defendants and their counsel provided they would provide a firm date by which they would cure their default and answer the Complaint. Those offers were refused on several occasions as confirmed in exhibits submitted with Defendants' own motion.

      The lengthy correspondence between the parties, only a portion of which is attached to Defendants' *ex parte* application papers, will need to be compiled, reviewed and necessary communications submitted to the Court with authenticating declarations to provide a more complete record for the Court to consider. Dell, therefore, respectfully requests the Court to



Hon. Thelton E. Henderson
April 17, 2008
Page 3

grant it up through and including Tuesday, April 22 in which to respond to the *ex parte* application. A proposed order is being filed concurrently herewith.

    We thank you for your consideration of this request.

                                 Respectfully yours,

                                 /s/ C. Brandon Wisoff
                                 C. Brandon Wisoff

CBW:mtz

Attachment: Proposed Order

cc:    Linda Shao (via electronic filing notification) and email

22975\1533545.1

1  C. Brandon Wisoff (State Bar No. 121930)
       bwisoff@fbm.com
2  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
3  San Francisco, CA 94104
   Telephone:   (415) 954-4400
4  Facsimile:    (415) 954-4480

5  Doreen L. Costa
   *Pro Hac Vice*
6      doreen.costa@bakerbotts.com
   Paul J. Reilly
7  *Pro Hac Vice*
       paul.reilly@bakerbotts.com
8  Suzanne Hengl
   *Pro Hac Vice*
9      suzanne.henl@bakerbotts.com
   Lauren B. Emerson
10 Applying *Pro Hac Vice*
       lauren.emerson@bakerbotts.com
11 Baker Botts L.L.P.
   30 Rockefeller Plaza
12 New York, NY 10112
   Telephone:   (212) 408-2500
13 Facsimile:    (212) 408-2501

14 Attorneys for Plaintiff
   DELL INC.
15

16              UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18                  SAN FRANCISCO DIVISION

19

| 20 | DELL INC., a Delaware corporation, | Civil Action No. CV-08-0781 TEH |
|---|---|---|
| 21 | Plaintiff, | **[PROPOSED] ORDER GRANTING DELL INC. TO AND INCLUDING APRIL 22, 2008 IN WHICH TO RESPOND TO DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR PROCEDURAL CHANGES** |
| 22 | vs. | |
| 23 | TENERGY CORPORATION, a California corporation, PORTA POWER TECNHOLOGY, INC., a California Corporation, XYZ COMPANIES 1-25 and JOHN/JANE DOE NOS. 1-25, | |
| 24 | | |
| 25 | | |
| 26 | Defendants. | |
| 27 | | |
| 28 | | |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] ORDER
Civil Action No. CV-08-0781 TEH

22975\1533218.1

1  The Court having considered the letter brief of Dell Inc., dated April 17, 2008, and for
2  good cause shown, hereby orders that Dell shall have to and including April 22, 2008 in which to
3  respond to defendants' *ex parte* Application/Motion for Procedural Changes (Docket No. 16).
4  SO ORDERED.
5
6  Dated: _____, 2008
7
8  Thelton E. Henderson
   United States District Judge

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] ORDER
Civil Action No. CV-08-0781 TEH         - 2 -                    22975\1533218.1