1  C. Brandon Wisoff (State Bar No. 121930)
       bwisoff@fbm.com
2  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
3  San Francisco, CA 94104
   Telephone:    (415) 954-4400
4  Facsimile:    (415) 954-4480

5  Doreen L. Costa
   *Pro Hac Vice*
6      doreen.costa@bakerbotts.com
   Paul J. Reilly
7  *Pro Hac Vice*
       paul.reilly@bakerbotts.com
8  Suzanne Hengl
   *Pro Hac Vice*
9      suzanne.henl@bakerbotts.com
   Lauren B. Emerson
10 *Pro Hac Vice*
       lauren.emerson@bakerbotts.com
11 Baker Botts L.L.P.
   30 Rockefeller Plaza
12 New York, New York 10112
   Telephone:    (212) 408-2500
13 Facsimile:    (212) 408-2501

14 Attorneys for Plaintiff
   Dell Inc.

15

16                UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18                    SAN FRANCISCO DIVISION

19

20 DELL INC., a Delaware Corporation,    | Civil Action No. CV-08-0781 TEH

21              Plaintiff,                | **PLAINTIFF'S RESPONSE TO EX PARTE APPLICATION/MOTION FOR PROCEDURAL CHANGES**

22       vs.

23 TENERGY CORPORATION, a California     | **Conference Date:    May 12, 2008**
   corporation, PORTA POWER              | **Time:                       1:30 pm**
24 TECNHOLOGY, INC., a California        | **Courtroom 12, 19th Floor, San Francisco**
   Corporation, XYZ COMPANIES 1-25 and
25 JOHN/JANE DOE NOS. 1-25,

26              Defendants.

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

PLF'S RESPONSE TO EX PARTE
APPLICATION/MOTION FOR PROC. CHANGE
Case No.: CV-08-0781 TEH

22975\1535735.1

Plaintiff Dell Inc. (hereinafter "Plaintiff" or "Dell") responds to defendants Tenergy Corporation ("Tenergy") and Porta Power Technology Inc.'s ("Porta Power") (collectively "Defendants") ex parte motion to: (i) transfer the case to the San Jose division; (ii) enlarge time for defendants to respond to the Complaint; and (iii) relieve Defendants from their obligations under Fed. R. Civ. P. 16 and 26 and the Court's Order of February 1, 2008. Defendants motion should be denied on the grounds that (i) Defendants, failing to answer or otherwise move this Court for an extension to respond to the Complaint, have been in default since March 10, 2008 and waived any right to have the case reassigned to San Jose; and (ii) this matter is properly before this Court and transfer would further delay proceedings which were initiated to prevent the further sale of harmful counterfeit battery packs to consumers.[1]

**PRELIMINARY STATEMENT**

This case involves claims relating to counterfeiting, infringement and dilution of Dell's name and mark by Defendants in connection with the marketing and sale of battery packs, including, via the Internet. Dell asserts that Defendants have been willfully selling counterfeit, infringing "Dell" batteries that are of inferior quality and present a potential fire and safety hazard to the public. The complaint was filed on February 1, 2008 and served on Defendants on February 11, over two months ago. The Answer was due March 2, 2008. (See Reilly Decl. ¶2)

Back in February, Dell was initially discussing a potential resolution of the matter with Defendants and believed it was close to resolving the matter, until about February 18 when Defendants retained counsel. In view of the settlement discussions that had occurred and the insertion of Defendants' counsel, Dell offered to extend Defendants time to answer the Complaint until March 10, 2008. The offer did not include an extension of time to file a motion. Defendants accepted the offer to extend the time to Answer. (See Reilly ¶3) Still, Defendants did not Answer

---

[1] In support of its response to Defendants' ex parte motion, Dell submits the declaration of Paul J. Reilly which sets forth the procedural posture of the case and describes communications between the parties that relate the issue being presented to the Court ( (hereinafter "Reilly Decl. ¶__")

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

PLF'S RESPONSE TO EX PARTE
APPLICATION/MOTION FOR PROC.
CHANGE

- 1 -

22975\1535735.1

or respond (by motion or answer) to the complaint by March 10, and instead unilaterally granted themselves a further extension of time. (See Reilly Decl. ¶¶ 3-4)

Defendants have been in default for over a month and appear to be engaged in a pattern of delay. For example, on February 11, 2008, Dell provided Defendants with a settlement proposal that took the form of a Consent Judgment. However, after Defendants counsel became involved, Dell did not receive a counterproposal until March 14, 2008. Yet, Defendants cry foul when Dell's counsel, who was taking, preparing for and defending expert depositions in another case, provided its response on April 8, 2008. Indeed, Defendants' lawyer, on several occasions, told Dell that she could not respond to the complaint or discuss settlement because: (1) she was sick; (2) busy with other matters and could not respond; or (3) now out of the country in Taiwan. (See (See Reilly Decl. ¶8)).

In spite of Defendants default and dilatory tactics, Dell nevertheless offered to stipulate to a intradistrict reassignment to San Jose for the convenience of defendants and their counsel provided they would provide a firm date by which they would cure their default and Answer the complaint. Those offers were refused on several occasions. Yet, Defendants never moved this Court or responded until now, over a month after the Answer was due. Dell should not be faulted for its efforts to accommodate Defendants, but rather Defendants' motion should be denied. (See Reilly Decl. ¶¶ 9-12)

## **ARGUMENT**

### **I. DEFENDANTS MOTION IS MOOT**

As an initial matter, Dell consented only to extend Defendants time to Answer the complaint until March 10, 2008, not to file a responsive motion. Defendants accepted that proposal. (Reilly Decl. ¶3, Ex. 2). Thus, Defendants conceded the right to move for a reassignment of the case when it accepted Dell's offer. Nonetheless, since of March 10,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

PLF'S RESPONSE TO EX PARTE
APPLICATION/MOTION FOR PROC.
CHANGE

- 2 -

22975\1535735.1

Defendant has been in default because it has never Answered nor moved the Court for an extension of time.

Although Defendants seek a reassignment of the case, their ex parte motion is analogous to motion to dismiss for change of venue or transfer. Pursuant to Rule 12(h), Fed. R. Civ. P., and as a result of Defendants' default, they have waived their right to move for a change of venue or a reassignment of the case to San Jose. The motion is therefore moot. "[V]enue, like jurisdiction over the person, may be waived. A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it, or even simply by making default." Hoffman v. Blaski, 363 U.S. 335, 343, 80 S. Ct. 1084, 1089, 4 L. Ed. 2d 1254 (1960). Thus, an assertion of lack of proper venue is waived if not made prior to the time when the proponent is required to appear in response to the pleading sought to be challenged, in this case within twenty days of the service of the Summons and Complaint as provided by rule 12(b), as the plain wording of rule 12(h)(1) indicates. See, also, Commercial Casualty Ins. Co. v. Stone Co., 278 U.S. 177, 179-180, 49 S. Ct. 98, 99, 73 L. Ed. 252 (1929) ("We are of the opinion that the privilege [of challenging venue] is of such a nature that it must be asserted at latest before the expiration of the period allotted for entering a general appearance and challenging the merits. * * * [A contrary conclusion] would be in our opinion subversive of orderly procedure and make for harmful delay and confusion.")[2]

Here, Defendants answer was due on or before March 10, 2008. Although the parties had been discussing settlement, Defendants remained obligated to respond to the Complaint or otherwise move the Court for an extension of time. In spite of warnings from Dell on March 3 that their answer was due on March 10, Defendants failed to Answer or seek an extension of time and have been in default for over a month. Indeed on March 7, 2008, knowing that they did not

---

[2] "*Hoffman* and *Commercial Casualty* remain binding precedent: a defendant in default waives any objection to venue" Rogers v. Hartford Life and Accident Insurance Company, 167 F.3d 933, 942 (5th Cir. 1999).

yet have Dell's consent to extend the time to answer and in response to Dell's request for a proposed stipulation to extend the time to Answer, Defendants counsel stated "I cannot get back to you until after next Tuesday. I will not have time to deal with this case until I finalized the opening brief myself." (See Decl. Reilly ¶4, Ex. 4)

On several occasions dating back to March 12, 2008, Dell informed Defendants that they had failed to Answer. On March 25, 2008, Dell made clear that Defendants were in default. Yet, Defendants still failed to take any action. (See Reilly Decl. ¶¶ 5-7) Defendants have only themselves to blame for their dilatory actions. Granting Defendants motion would only condone their conduct and cause further delay by removing this matter from Plaintiff's proper choice of forum.

## II. ASSIGNMENT TO THE SAN FRANCISCO DIVISION IS PROPER

Pursuant to the Court's Assignment Plan, "intradistrict assignment" to San Francisco is proper under Local Rule 3-2(c) because this is an "intellectual property" action that is an "excepted" category that "shall be assigned on a district-wide basis." As such, it was properly assigned to the San Francisco Division.

Defendants assert, without any supporting declaration other than a hearsay statement by their lawyer, that no events or omissions occurred within the San Francisco division of the United States District Court, Northern District of California. (Motion at 2) Contrary to Defendants' empty allegations, "intradistrict assignment" to San Francisco is also proper under Local Rule 3-2(c) because Defendants operate Internet businesses via web sites accessible to and targeting consumers throughout the United States, including the County of San Francisco in Northern District of California. (See Reilly Decl. ¶13). Defendants sites are interactive, virtual business establishments thought which consumers may and do purchase battery packs and through which Defendants infringed Dell's intellectual property rights. Indeed, Tenergy, on its own web sites,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

PLF'S RESPONSE TO EX PARTE
APPLICATION/MOTION FOR PROC.
CHANGE

- 4 -

22975\1535735.1

reveals that it has customers in San Francisco. (See Reilly Decl. ¶13) Further, both Defendants are corporations which shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. See 28 U.S.C. §1391(c). Given that both Defendants are within 50 miles of the Court, they should be deemed to reside within the San Francisco division of the Northern District of California and have advertised, marketed and offered for sale counterfeit Dell products throughout the Northern District, including, within the Division of San Francisco. (See Reilly Decl. ¶¶ 13-14, Exs. 11 and 14) In view of the foregoing, assignment is proper in this Division as a substantial part of the events and/or omissions that give rise to this dispute occurred in the Division.

## III. SANCTIONS ARE NOT WARRANTED

Dell has made every effort to accommodate Defendants and their counsel and should not be sanctioned with having to pay costs or any attorneys fees to Defendants. Indeed, in spite of their delay, Dell made several offers to Defendants to cure their default, including the last one on April 14, 2007. (See Reilly Decl. ¶¶ 9-10, Exs. 6, 8-10). Such offers were rejected by Defendants either directly or by counterproposal seeking to extend their time to "respond" to the Complaint, to which they knew Dell would not agree. (See Reilly Decl. ¶10) Although Dell rejected Defendants attempt to extend its time to respond to the Complaint until May 6, 2008, Dell did not harass Defendants, mislead Defendants, nor make any misrepresentations or "false pleading". (Reilly Decl. ¶16) There is no justification for sanctions sought by Defendants motion and it should be denied.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

PLF'S RESPONSE TO EX PARTE
APPLICATION/MOTION FOR PROC.
CHANGE

- 5 -

22975\1535735.1

## **CONCLUSION**

In view of the foregoing, Dell respectfully requests that Defendants' ex parte motion be denied, or alternatively, reassigning the case to the San Jose division, allow Defendants to cure their default but only by way of an Answer to the Complaint by a date certain.

Dated:  April 21, 2008

Respectfully submitted,

FARELLA BRAUN & MARTEL LLP

By: /s/
C. Brandon Wisoff

Attorneys for Plaintiff
DELL INC.

Doreen L. Costa
*Pro Hac Vice*
Paul J. Reilly
*Pro Hac Vice*
Suzanne Hengl
*Pro Hac Vice*
Lauren B. Emerson
*Pro Hac Vice*
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, New York 10112
Telephone:     (212) 408-2500
Facsimile:      (212) 408-2501

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

PLF'S RESPONSE TO EX PARTE APPLICATION/MOTION FOR PROC. CHANGE

- 6 -

22975\1535735.1