LINDA SHAO (CA 182768)
LAW OFFICE OF LINDA SHAO, APLC
28 North First Street, Suite 618
San Jose, CA 95131
Phone: 408-873-3888
Fax:    408-873-3889
Attorney for Defendants Tenergy Corporation and Porta Power Technology, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DELL INC., a Delaware Corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>TENERGY CORPORATION, a California corporation, PORTA POWER TECHNOLOGY, INC., a California Corporation, XYZ COMPANIES 1-25 and JOHN/JANE DOE NOS. 1-25,<br><br>            Defendants. | Civil Action No.  CV08-0781 TEH<br><br>**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b) FOR FAILURE TO STATE A CLAIM AND FOR FAILURE TO JOIN INDISPENSIBLE PARTIES OR MOTION FOR JOINDER OF PARTIES AND FOR MORE DEFINITE STATEMENTS**<br><br>Date:  June 30,2008<br>Time:  10:00 a.m.<br>Room: 12<br>Honorable Thelton E. Henderson |

**MOTION**

Defendants move the Court to dismiss the Complaint under Rule 12(b)(6) because Plaintiff failed to state a claim, under Rule 12(b)(7) for Plaintiff knowingly failure to join indispensable parties of Power First and Twin Power Technology, Inc. Alternatively, Defendants move for joinder of Power First and Twin Power Technology, Inc. as defendants (not cross-defendants). Defendants also move for

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Motion to Dismiss & for more definite statement
Case No. CV08-0781

more definite statements.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   STATEMENT OF FACTS

Dell does not have any manufacturing facilities and does not do manufacturing. It is well known that all of Dell's products are OEMs. In recent years, Dell's batteries were reported to have fire hazards. Dell is well known to have two types of marketing channels of its products, as shown in Paragraph 12 of the Complaint. Besides direct sale, it authorized many other "affiliates" to manufacture and distribute. These affiliates may distribute to downstream vendors who may sell without any further additional license from Dell. However, Dell never disclosed to the public who the affiliated companies are and Defendants have no way to verify the authorization other than to rely upon the representation of their upper stream vendors.

Defendant Tenergy Corporation is engaged in only marketing on all brands of computer batteries, including those generic brands. The shipping and handling have been handled by Defendant Porta Power Technology, Inc., its only vendor. Defendant Tenergy Corporation has never seen the products but only a middle man. In acknowledging that Defendant Tenergy Corporation is innocent, Plaintiff continues maintaining the lawsuit. Defendant PPT used to have only one vendor Twin Power. In late December 2007, for the first time and only one time, it was contacted by Power First as authorized seller of Dell batteries and purchased some

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Defendants' motion to dismiss and for more definite statement
Case No. CV08-0781

- 2 -

batteries from Power First.  In happened that for the two shipments that Dell's investigator purchased from Tenergy, the source of shipment came from those supplied by Power First.

On January 31, 2008, for the first time, Plaintiff's counsel sent a resist and desist letter to Tenergy.  Tenergy immediately take off all batteries product from its webpage the ensuing date.  Unknown to Tenergy, Plaintiff still filed a complaint on the ensuing date February 1, 2008 and misrepresented to the President of Tenergy, without contacting or asking its attorney, that Plaintiff had not filed a complaint.  Plaintiff was aware that Porta Power was the only vendor to Tenergy.

Plaintiff's counsel acknowledged that Tenergy is an innocent infringer but insisted on Porta Power being intentional. Before this Complaint was filed, Plaintiff did **not** contact Porta Power.  The first time Porta Power was contacted by Plaintiff because of this complaint was at the time when it was served the complaint when was February 11, 2008, 10 days after the Complaint was filed. After Plaintiff's investigator made 2 purchases from Tenergy, he purchased from Porta Power batteries with the source of vendor being Twin Power.  As early as on February 14, 2008, Plaintiff was put on notice of the source of the products of Porta Power.  Plaintiff's counsel represented to Defendants' counsel that "all batteries" whether from Power First or from Twin Power are forfeited.  Plaintiff's counsel stated to Defendants' counsel two times that Dell will file a complaint against Twin Power.  However as of the time this motion is filed, 3 months after the Complaint was filed,

Defendants' motion to dismiss and for more definite statement
Case No. CV08-0781

- 3 -

Plaintiff did not even contact Twin Power.

In 2004, Dell contacted Porta Power because of the way it put on advertisement for sale of compatible batteries for Dell being improper. Porta Power sent its revised webpage for the approval of Plaintiff's attorney and used the approved webpage. Other than that, there was no warning letter from Plaintiff's counsel.

## II. ARGUMENTS

### A. PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**1. The Complaint fails to state how Defendants could be intentional infringer when there are marketing channels other than direct marketing that do not require specific authorization or license from Dell**

Plaintiff's complaint is based on the premises that Plaintiff was the only source of providing license or authorization and defendants do not have. It is true to many other hi-tech companies, but not to Dell. Dell does not have its own factory. In the paragraph 12 of the Complaint, Plaintiff disclosed the second channel of marketing which caused Plaintiff's failure to state a claim which relief can be granted.

In paragraph 12 of the Complaint, Plaintiff alleges "No entities other than Dell **and its affiliated companies** are authorized to manufacture and sell computer systems and accessories, computer peripherals, and other computer components or provide computer-related services in the United States under Dell's trademark." From the second type of marketing channel (Cp. Direct marketing by Dell), unlimited license has been granted to the affiliated companies and their buyers that there is no need to for downstream buyers to by-pass the affiliated companies to obtain any license from Dell for distribution

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Defendants' motion to dismiss and for more definite statement
Case No. CV08-0781

- 4 -

Plaintiff, in admitting there are affiliated companies authorized to manufacture and sell products that bear the logo of Dell in paragraph 12, has **never disclosed and further *refused* to disclose** who are these affiliates. It did not state the right of distribution from the distribution lines of these unidentified affiliates.

It is undisputed that Plaintiff itself does not do any manufacturing. It is well known to the industry that Dell has another marketing channel, other than direct marketing. As Plaintiff **has not and refused to disclose** the identities of these affiliated companies, all that Defendants may rely upon regarding right to sell and genuineness of the products would be their upper stream vendor's representations. Defendants received representations that they may rightfully sell Dell's OEM batteries without any additional need to obtain license from Dell as it has been the secondary channel of distribution of Dell, as mentioned above.

F.R.Civ.P. Rule 9(b) requires all avertments of fraud and the circumstances for fraud be stated with particularity. However, plaintiff in this Complaint did not mention how Defendants could be intentional infringers under the second type of marketing channels.

Therefore, while paragraph 12 conforms to Defendants' understanding of existence of the secondary marketing channel, paragraph 12 is contradictory to the alleged exclusive "direct marketing channels" stated in paragraph 11 of the Complaint. And, paragraph 11 is the basis of Plaintiff's complaint. Plaintiff's complaint does not allege innocent infringement but only intentional infringement. Therefore, Plaintiff's Complaint failed to state a claim sufficient to hold Defendants responsible for "intentional infringement", the only basis alleged in the 7 causes of action in the Complaint.

Regarding paragraphs 11, and all paragraphs alleging unauthorized use, including, paragraphs 19, 20, 21, 23, 28, 30, 35, 38, 39, 55, 56 should be stricken, because of

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Defendants' motion to dismiss and for more definite statement
Case No. CV08-0781

- 5 -

conflicting with Paragraph 12 and inconsistent with Plaintiff's own website information..(Declaration of Linda Shao)

### 2. Latitude is not an enforceable trademark

On the face of the Complaint, the trademark "Latitude" is not only a **generic** term but also **not** licensed to be used on the batteries. The "Goods" stated in paragraph 14 of the Complaint for "Latitude" was for "computers and instructional manuals sold therewith" and does not include computer parts, battery or battery chargers.

### B.     MORE DEFINITE STATEMENTS ARE REQUIRED

1. As Tenergy is only a vendor for end-user and does not have any manufacturing activities, Paragraph 20's statement that "Tenergy's notebook and laptop computer battery packs" do not make sense.

2. In Paragraph 24, Plaintiff alleged "new original" Dell OEM battery pack, however, the attached Exhibit 4 does not show "new" or "original."

3. On Paragraph 25, Plaintiff alleged that "on the same day, Dell placed a second order for a battery that had the words "Porta Power Tech" superimposed over the battery image within the web site. The price was $89.99 for each battery plus shipping and handling. A copy of the order No. 107555 is attached hereto as Exhibit 5 and an image of the battery ordered is attached as Exhibit 6." However, if the Court takes a close look of Exhibit 5,  It is a "generic" substitute for the battery for Dell Inspiron 500m/600m_Latitude D500/D600 Series Laptops. The word of "[Generic]" was specifically stated in that order. Defendants also had no clue of the allegation of "a battery that had the words "Porta Power Tech" superimposed over the battery image within the web site."

Exhibit 6 is illegible.

4. In Paragraph 26, Plaintiff provided illegible copies of the alleged photos. It alleged "Dell Part Number G2053A00"  but there is no supporting data to state

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Defendants' motion to dismiss and for more definite statement
Case No. CV08-0781

- 6 -

what that is. It states that the batteries were in "boxes" and then stated in its respective "carton". Defendants are confused whether the boxes are the same as the "cartons".

5.Paragraph 27 states that "the information on the labels did not properly correspond to the internal components and cells that comprise the batteries." However, it fails to state what are the internal components and cells that comprise the batteries that purportedly did not property correspond to the information on the labels.

Moreover, while it states that "the cells may be contaminated and may present a fire hazard,", it did not state the basis of such **conclusion**.

Exhibit 9 is also illegible.

6. In Paragraph 28, the purported representative example in Exhibits 10 and 11 do not show all that described in paragraph 28. The exhibit does not show that "Dell" as the "manufacturer" as alleged in paragraph 28. Defendants had no clue as to what is Product No. C2195.

Further, regarding paragraph 28, Plaintiff failed to inform the Court that while Tenergy was completely without knowledge of Plaintiff's filing of the complaint on 2/1/2008, Tenergy has fully complied with Plaintiff's warning letter dated January 31, 2008 and took the webpage completely off. Disregard of Tenergy's compliance, Plaintiff still maintained the Complaint.

7. In Paragraph 33, it states that "**On January 31,** after receiving Dell's protest letter, Tenergy continued to sell "DELL" batteries through the Internet site at www.all-battery.com. As stated in paragraph 31 of the complaint, the only protest letter was issued on the date of January 31, 2008 from New York to California. Thus, Plaintiff did not state, nor provide any facts to support its allegation that Tenergy continued to sell on the same date the warning letter

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Defendants' motion to dismiss and for more definite statement
Case No. CV08-0781

- 7 -

was issued. In actuality, Tenergy does not have batteries sale activities after receiving the warning letter from Plaintiff..

8. In Paragraph 34, Plaintiff stated "Dell has objected to Porta Power's web site and marketing of allegedly **compatible batteries** for DELL products and gave Porta Power explicit notice of Dell's intellectual property rights." However, it failed to state the time of such alleged objection was made and whether the objection is related in any way to the subject matter of this Complaint. There is no violation of laws by selling compatible brands' batteries. Thus, such allegation has no relation to the Complaint. In actuality, in or about 2004, Defendant Porta Power specifically sent its webpage regarding advertising "compatible" batteries to Dell's batteries for the approval of Dell's counsel and has not received any resist or desist letter preceding this Complaint. Why does Dell sue for something it had approved? In fact, before this complaint was filed, Defendant Porta Power was **not** contacted by Plaintiff at all for the alleged violation referred to in the Complaint.

## C.   UNDER RULE 12(b)(7), PLAINTIFF FAILED TO JOIN A PARTY UNDER RULE 19

Power First and Twin Power are the only two resources of Porta Power. While Porta Power had only one time deal with Power First, Twin Power has been the major stream of providing Dell OEM batteries to Porta Power. They are indispensable parties for the reasons that in their absence, complete relief cannot be accorded among the already 3 parties, Dell, Tenergy and Porta Power as they are the suppliers for Porta Power.

Defendants in this action, are in actuality victims of Power First and Twin Power's misrepresentation, if Dell proves up its case. Plaintiff may obtain double recovery if it should sue Power First or Twin Power separately and injustice will occur. Defendants have the right to implead against the two missing parties, but also have

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Defendants' motion to dismiss and for more definite statement
Case No. CV08-0781

- 8 -

great interest of leaving this lawsuit behind and not becoming cross-complainant to bear additional litigation costs burden. Plaintiff was fully aware of the necessary parties needed to be joined since early February 2008 and should take action to amend the complaint to add them as additional defendants. Twin Power is located in Sunnyvale, California and the First Power in China. Their joinder will not destroy the court's jurisdiction over this case.

Dated: May 1, 2008

Respectfully submitted,
LAW OFFICES OF LINDA SHAO, APLC

By:/s/_____
Linda Shao, Esq.
Attorney for Defendants Tenergy Corporation and Porta Power Technology Inc.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Defendants' motion to dismiss and for more definite statement
Case No. CV08-0781

- 9 -

## Certificate of Service

I, Linda Shao, declare that: I am over age 18 and not a party to this action. I will serve the following documents:

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b) FOR FAILURE TO STATE A CLAIM AND FOR FAILURE TO JOIN INDISPENSIBLE PARTIES OR MOTION FOR JOINDER OF PARTIES AND FOR MORE DEFINITE STATEMENTS**

Upon Plaintiff's counsel as follows:

C. Brandon Wisoff (State Bar No. 121930)
   bwisoff@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:   (415) 954-4400
Facsimile:   (415) 954-4480

Doreen L. Costa
*Pro Hac Vice*
Paul J. Reilly
*Pro Hac Vice*
Suzanne Hengl
*Pro Hac Vice*
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, New York 10112
Telephone:   (212) 408-2500
Facsimile:   (212) 408-2501

Attorneys for Plaintiff
Dell Inc.

Via Email before the aforementioned documents are filed with the Court

I will further cause the above documents to be mail and fax to Plaintiff's Counsel before the end of 5/2/2008, California time.

I declare under the penalty of perjury under the laws of the U.S. that the foregoing is true and correct. Execute in Taipei, Taiwan on May 2, 2008 electronically.

/s/
_____
     Linda Shao

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Defendants' motion to dismiss and for more definite statement
Case No. CV08-0781

- 10 -