1   C. Brandon Wisoff (SBN 121930)
        bwisoff@fbm.com
2   FARELLA BRAUN & MARTEL LLP
    235 Montgomery Street, 17th Floor
3   San Francisco, California 94104
    Telephone: (415) 954-4400
4   Facsimile: (415) (54-4480

5   Doreen L. Costa
        Admitted Pro Hac Vice
6   Paul J. Reilly
        Admitted Pro Hac Vice
7   Suzanne Hengl
        Admitted Pro Hac Vice
8   BAKER BOTTS LLP
    30 Rockefeller Plaza, 44th Fl.
9   New York, New York 10112
    Telephone: (212) 408-2500
10  Facsimile:   (212) 408-2501

11  Attorneys for Plaintiff Dell Inc.

12  LINDA SHAO (CA 182768)
    LAW OFFICE OF LINDA SHAO, APLC
13      shaolawfirm@yahoo.com

14  28 North First Street, Suite 618
    San Jose, CA 95131
15  Phone:  408-873-3888
    Fax:     408-873-3889
16
    Attorney for Defendants Tenergy Corporation and
17  Porta Power Technology, Inc.

18
                  UNITED STATES DISTRICT COURT
19
                NORTHERN DISTRICT OF CALIFORNIA
20
                    SAN FRANCISCO DIVISION
21

22  DELL INC., a Delaware Corporation,          Civil Action No.  CV08-0781 TEH

23                  Plaintiff,                   **JOINT CASE MANAGEMENT
                                                 CONFERENCE STATEMENT AND RULE
24         vs.                                   26(F) REPORT**

25  TENERGY CORPORATION, a California            Conference Date: May 12, 2008
    corporation, PORTA POWER                     Time: 1:30 p.m.
26  TECHNOLOGY, INC., a California               Department:
    Corporation, XYZ COMPANIES 1-25 and
27  JOHN/JANE DOE NOS. 1-25,

28

1

2

|  | Defendants. |
|---|---|

3

4   Plaintiff Dell Inc. (hereinafter "Plaintiff" or "Dell") and defendants Tenergy Corporation

5   and Porta Power Technology Inc. (collectively "Defendants") submit this Case Management

6   Statement and Rule 26(f) Report.

7   **I.    JURISDICTION AND SERVICE:**

8       **A.    Subject Matter Jurisdiction** - This Court has original subject matter jurisdiction

9   over Plaintiff's claims on the basis that they arise under the federal laws of the United States of

10  America and supplemental jurisdiction over other claims arising under California statutory and

11  common law which are related to Dell's federal claims.  Specifically, the First, Second, Third and

12  Fourth Causes of Action arise under the United States Trademark (Lanham) Act of 1946, as

13  amended, 15 U.S.C. §§ 1051 1127, and  Jurisdiction in this Court over these causes of action is

14  proper pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338.  The Fifth, Sixth and

15  Seventh Causes of Action arise under California statutory and common law, are substantially

16  based upon the same operative facts as the first four causes of action and jurisdiction in this Court

17  is proper on the basis of supplemental jurisdiction under 28 U.S.C. § 1367(a).

18

19      **B.    Personal Jurisdiction** - Personal jurisdiction over the Defendants is proper under

20  the laws of the State of California, pursuant to Rule 4 of the Federal Rules of Civil Procedure and

21  under the Due Process Clause of the Fourteenth Amendment to the Federal Constitution.  Each

22  named defendant, Tenergy Corporation and Porta Power Technology, Inc., was personally served

23  with the Complaint on February 11, 2008.

24

25      **C.    Venue** - Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in

26  that Defendants regularly conduct business in this district and/or Defendants reside or are

27  domiciled in this district and/or a substantial part of the claims arose in this district.

28

On April 16, 2008, Defendants moved the Court to reassign to the United States District Court, Northern District of California, San Jose, Division based on local rule 3-2(f) that "the convenience of the parties and witnesses and interest of justice will be served by transferring to a different division within the district." According to Defendants' motion, the one way driving time from San Jose area to San Francisco court is 1 to 4 hours depending on the traffic. On April 25, 2008, the Court denied Defendants' motion in it entirety.

## II.    FACTS

### A.    Plaintiff's Case In Brief

1.      As more fully discussed in the Complaint, in or about November 1987, Dell created, adopted and commenced use of the trade name, trademark and service mark DELL and variants thereof to identify and distinguish its products and services. Over time, the variants included, for example, the DELL stylized logo, DELL INSPIRON and DELL LATITUDE, which identify and distinguish Dell's products and services. These designations have been extensively used by Dell in United States interstate commerce in connection with advertising and promotion of Plaintiff's products and services. Such names and marks are prominently presented on Dell's computer systems, advertisements, product packaging, manuals, and technical and informational literature. Dell is the owner of the trademark DELL and variants thereof. In addition to the mark DELL and the DELL stylized logo, Dell uses and owns other marks to identify its products and has registered such marks in the United States Patent and Trademark Office, including, LATITUDE and INSPIRON.

2.      On information and belief, Defendants marketed, advertised, promoted, offered for sale and sold in the United States illegitimate or counterfeit notebook and laptop computer battery packs bearing or in connection with marks such as DELL, the DELL logo, LATITUDE and INSPIRON, including via the Internet at www.all-battery.com and www.portatechs.com. Such

1    actions occurred long after Dell's first use of such marks, without the permission or authorization

2    from Dell, with complete knowledge and notice of Dell's trademark rights.

3        3.    On information and belief, Tenergy's web site included pages that displayed

4    battery packs bearing the DELL logo and repeatedly used the name and mark DELL, the DELL

5    logo, LATITUDE and INSPIRON, all without Dell's authorization or approval, thereby

6    misappropriating Dell's name and marks to falsely convey the source of Defendants' products,

7    and/or that Defendants were affiliated with, related to, sponsored or authorized by Dell and/or to

8    

9    trade off the good will built up by plaintiff in Dell's marks.

10        4.    On information and belief, the designations used by Defendants are counterfeits

11    and colorable imitations of Dell's federally-registered marks, including, DELL, the DELL logo,

12    LATITUDE and INSPIRON, and Defendants' unauthorized use in commerce of such marks in

13    connection with the offering for sale or advertising of products and/or services, including

14    

15    batteries, is likely to cause confusion, or to cause mistake or to deceive consumers.

16        5.    On information and belief, Defendants have intentionally and unlawfully used

17    without Dell's authorization or approval Dell's marks DELL, the DELL logo, INSPIRON and

18    LATITUDE on or in connection with their web sites and/or battery packs for the specific purpose

19    of misleading consumers into believing falsely that their products are manufactured, sold,

20    

21    sponsored, approved, or authorized by Dell.

22        6.    In a letter dated January 31, 2008, Dell demanded that defendant Tenergy cease

23    and desist from all use of its name and mark DELL and any variants thereof on or in connection

24    with their products and to remove all references to DELL or Dell products from its web site.  On

25    January 31, 2008, after receiving Dell's protest letter, Tenergy continued to fulfill orders or sell

26    "DELL" batteries.  In response to Dell's protest, Tenergy identified Porta Power as one of the

27    

28    vendors from whom it purchased the counterfeit DELL products.  Dell previously objected to

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT AND RULE          - 4 -
26(F) REPORT - Case No. CV08-0781 TEH                                    22975\1573742.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Porta Power's web site and marketing of allegedly compatible batteries for DELL products and gave Porta Power explicit notice of Dell's intellectual property rights.  On information and belief, Porta Power has made repeated use of Dell's name and marks and selling counterfeit DELL batteries - the very same counterfeit products sold by Tenergy.

7.    On information and belief, Defendants have sold and/or are selling counterfeit battery packs falsely bearing or marketed in connection with the marks DELL, the DELL logo, LATITUDE and INSPIRON.  On information and belief, the counterfeit battery packs sold by Defendants are of such substandard quality that they are likely to explode, cause injury to property and threaten to cause further injury to persons.  Notwithstanding Dell's well known prior use of and rights in the name and mark DELL, the DELL Logo, LATITUDE and INSPIRON, Defendants, without the consent of Dell, adopted and caused to be used in interstate commerce, Dell's names and marks on products identical to Dell's goods, which products are not manufactured, sold or authorized by Dell.  On information and belief, the display, promotion, distribution and sale by Defendants of products bearing or sold under Dell's name and marks is misleading, fraudulent and is likely to and will inevitably confuse, mislead and deceive the public into believing falsely that Defendants are selling legitimate DELL battery packs when, in fact, such goods are counterfeit and defective.

8.    On information and belief, Defendants' intentional display, promotion, distribution and sale of counterfeit products bearing or sold under Dell's name and marks was and is conducted with actual knowledge of the reputation and goodwill in Dell's marks, and Dell's ownership of the name and mark DELL, the DELL logo, LATITUDE and INSPIRON and/or with the intent of passing off such counterfeit products as genuine Dell goods.

9.    Dell contests and disagrees with Defendants' allegations set forth in "Defendants' Case" herein.  For example, Defendants claim that they do not engage in manufacturing activities.

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT AND RULE        - 5 -
26(F) REPORT - Case No. CV08-0781 TEH                                22975\1573742.2

Yet, each defendant's web site states that it has a factory in China (see Exhibit 11 to Declaration of Paul J. Reilly submitted in support of Dell's response to Defendants' motion to reassign the case). Still, and unless otherwise requested by the Court, Dell will refrain from presenting facts and evidence to rebut Defendants' allegations at this time given that: (i) Dell only received Defendants comments this morning, and (ii) the Rule 26(f) Report is not the appropriate document for presenting in detail any factual disputes between the parties. Dell nonetheless reserves its rights to present evidence supporting its claims and allegations and to rebut Defendants' allegations.

**B.    Defendants' Case.**

1.    Defendants do not do manufacturing as alleged in the Complaint. The Complaint was filed on 2/1/2008. As for Defendant Porta Power, Dell never contacted it for the subject matter of the complaint until after it was served with the Summons and Complaint. As for Defendant Tenergy, Dell contacted them only on 1/31/2008, without asking for speaking to Tenergy's counsel.

2.    All of Dell's products are OEMs as Dell does not have factories on its own.

3.    Dell's complaint has contradictory statements regarding Dell's marketing channel. While its complaint was based on exclusive direct marketing, Paragraph 12 of its complaint admitted the existence of a second type of marketing channel of Dell's products, i.e., from Dell's affiliated companies. Dell does not have factory for manufacturing and manufactures its products through some of the affiliated companies. It authorized the affiliated companies to distribute Dell's products without the need to obtain further licenses from Dell. However, Dell never disclosed and refused to disclose who the affiliated companies are. There is no way for defendants to verify whether the source of supply is genuine or with authorization, other than

relying upon the representations of their vendors.  Even after the Complaint was filed, Dell's counsel still refused to disclose these marketing channels.

4.      Tenergy sold all sorts of brands of batteries, OEMs or compatible ones to end-users only.  Tenergy never seen the products as all products are shipped by Porta Power to the customers.  Immediately after it was contacted by Plaintiff's counsel, i.e., on 1/31/2008, it took the entire webpage about selling Dell's batteries off its website.  During email transmissions in February and March 2008, Plaintiff's counsel has acknowledged that Tenergy is innocent and has no intention.

5.      Porta Power only had two sources of vendors:  Twin Power Technology, Inc. in Sunnyvale, California and Power First in China.  It only had one time transaction with the latter one and is a victim of their misrepresentations/guarantees.  The products from Power First happened to be purchased by Dell's investigator.  While Twin Power affirmed that it has authority to distribute, Dell alleged that the products from Twin Power are without authorization or fake as well.  However, as of today, three months after the Complaint was filed, and after Dell was fully appraised of the sources, neither Power First nor Twin Power were ever contacted by Dell's counsel.

6.      Defendants also disputed the reputation, goodwill, and distinctiveness of the trademarks.

7.      Defendants further allege laches such that Plaintiff may not enforce their rights.

III.    **LEGAL ISSUES**:

This case involves disputes relating to counterfeiting, infringement and dilution of Dell's name and mark by Defendants in connection with the marketing and sale of battery packs.  The parties anticipate that both federal trademark law and California statutory and common law will significantly impact such issues.

A.    **Legal Issues - Plaintiff:**

Dell refers the Court to its response on Defendants' pending motion to dismiss (see IV Motions below).  With the exception of the foregoing which includes Defendants' default since March 10, Dell submits that legal issues may arise but at this time it has no specific issues to raise with the court.  Further, the absence of any defined legal issues should not be considered an admission or concession by Dell that such legal issues do not currently exist or may not exist. Dell expressly reserves its right to identify and present legal issues to the Court after issue is joined and discovery opens.

B.    **Legal Issues - Defendants:**

Defendants allege issues present include:

(1)  Whether Dell does have other channels of marketing of its products, other than direct marketing.

(2)  Whether Dell's trademarks are distinctive.

(3)  Whether Defendant Tenergy should be dismissed from this Complaint as being completely innocent.

(4)  Whether Defendants should be held responsible for selling batteries in good faith belief of the existence of the second marketing channel while Dell refused to disclose its sale partners or the parties that have authorities to distribute Dell's OEM batteries.

(5)  Whether the Complaint should be dismissed for being laches.

Defendants reserve their rights to add additional issues as discovery proceeds.

IV.    **MOTIONS**:

At present, the only motion pending before the Court is "Defendants' Motion to Dismiss the Complaint Under Rule 12(b) for Failure to State a Claim and For Failure to Join Indispensable Parties or Motion for Joinder of Parties and For More Definite Statements" which is set for

1    hearing on June 30, 2008.  Dell submits that Defendants, having failed to file an Answer or seek

2    an extension of time to Answer on or before March 10, 2008, are in default.  In spite of a number

3    of offers made by that would enable Defendant's to cure the default by filing an Answer,

4
5    Defendants refuse to Answer.  Instead on May 1, 2008, Defendant filed another motion but this

6    time seeking to dismiss the Complaint under Rule 12(b) for Failure to State a Claim and for

7    Failure to Join Indispensable Parties or Motion for Joinder of Parties and for More Definite

8    Statements.  Dell submits that the motion is untimely and should not be heard, but will file a

9    formal opposition as required by the rules.

10            Defendants' set a long time as while the Court denied Defendants' motion to enlarge their

11   time to respond to the Complaint, Defendants' counsel was in Taiwan and unavailable and

12   grossly inconvenient to have access to any legal research tools.  Defendants asserted that they

13
14   filed the motion within a reasonable time while the counsel was unavailable.  There was no

15   default requested and before the default is requested, Defendants may always file their response,

16   whether an answer or a motion to dismiss.  The court has ruled that the parties did not have a

17   meeting of the minds about extension of time to respond to the complaint.  Under the

18   circumstances, Defendants require a longer time for two purposes: (1) they may amend the

19
20   motion after the counsel returns to the U.S. with accessibility to legal research tools; (2) the

21   parties intend to have early bird judicial settlement conference in May.

22           Due to the points mentioned in the motion, Defendants urged Plaintiff to file an amended

23   complaint and the motion will be automatically off calendar.

24   **V.**    **AMENDMENT OF PLEADINGS**:

25           **A.**    **Plaintiff's Statement.** At this time, Dell is investigating other potential parties to

26   be added as defendants who infringed Dell's trademarks and engaged in counterfeiting activities

27   described in the Complaint.  Dell anticipates that it may amend the Complaint to include

28

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT AND RULE          - 9 -
26(F) REPORT - Case No. CV08-0781 TEH                                    22975\1573742.2

additional parties but it has yet to take any discovery in the case and is not yet prepared to file and serve such an amended pleading.

**B.     Defendants Statement.** Defendants have revealed indispensable parties that must be joined as defendants to Dell about three months ago and filed the motion under Rule 12(b)(7) and urged Plaintiff to amend the Complaint to avoid additional unwanted litigation costs.

## VI.     EVIDENCE PRESERVATION:

Plaintiff has issued a litigation hold to the custodians of potentially relevant documents and data sources and is taking reasonable steps to ensure preservation of that information.

## VII.     DISCLOSURES:

The parties have not yet served initial disclosures.  However in accordance with Rules 26(a) and (c), Dell is prepared to serve its initial disclosures on May 5, 2008.

## VIII.     DISCOVERY:

To date, no discovery has taken place.  Dell anticipates that discovery will include, but not be limited to, the following matters: (a) Defendants' use of Dell's name and marks, namely, DELL, the DELL Logo, LATITUDE and INSPIRON; (b) Defendants marketing and sale of batteries bearing or in connection with Dell's name and marks; (c) the sources, vendors or suppliers from whom Defendants purchase batteries for resale; and (d) the business relationship between Tenergy, Porta Power Technology, and others.

The following represents each party's proposed discovery plan

1.     Initial Disclosures: In accordance with F.R.C.P. 26(a)(1), initial disclosures must be made no later than May 5, 2008.

2.     Discovery Limitations: The parties agree and recommend that there should be no changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure. However, the parties reserve the right to stipulate (subject to Court approval) or move to obtain

leave of Court to serve additional interrogatories or to notice and take in excess of 10 factual depositions as set by said Rules.

3.    Protective Order: The parties anticipate that a protective order to preserve their respective confidential and proprietary business information may be required and will work together to formulate a Confidentiality Agreement and Stipulated Protective Order that they will submit to the Court for its consideration and approval.

4.    Closing Date for Fact Discovery:  Dell proposes that discovery shall close on December 8, 2008.  Defendants propose February 15, 2009.

5.    Experts:

A.    Expert(s) report(s) and identification of documents to be served on or before October 15, 2008.

B.    Dell proposes that Rebuttal Expert(s) report(s) and identification of documents to be served on or before November 14, 2008; Defendants propose December 14, 2008.

C.    Dell proposes that Expert depositions, if any, are to be completed on or before December 8, 2008, but Defendants propose February 15, 2009.

**IX.    RELATED CASES:**

The parties are unaware of any related cases in this Court.

**X.    RELIEF**

A.    **Dell's Claim for Relief:**  Plaintiff seeks injunctive relief and the recovery of actual damages, statutory damages, treble damages, profits, costs, attorneys' fees, punitive damages and other relief as more fully set forth in the Complaint.  The defendants in this action are joint and severably liable. Given that there has been no discovery to date, Plaintiff is not in a position to provide a specific figure that represents the amount of the damages sought.  However,

1   pursuant to 15 U.S.C. §1117, Plaintiff may elect to recover an award of statutory damages which

2   if the court finds that the use of the counterfeit mark was willful, no more than $1,000,000 per

3   counterfeit mark per type of goods sold, offered for sale or distributed.  Based on the claims

4   presented and the facts presently known, Dell is seeking damages in excess of $1,000,000.

5

6       **B.**    **Defendants' Response:**  The Defendants allege that Plaintiff failed to join

7   indispensable parties and defendants are only innocent parties and actually victims of the

8   indispensable parties, if Dell's allegations are true.  If that is the case, Defendants should obtain

9   monetary relief from the indispensable parties.

10  **XI.**   **SETTLEMENT AND ADR:**

11      The parties (through counsel) have discussed and exchanged settlement proposals but

12  have, thus far, been unable to resolve the matter.  The parties have also discussed the available

13  dispute resolution options and considered whether this case may benefit from any of the available

14  dispute resolution options.  The parties believe that an early settlement conference with a

15  Magistrate Judge is appreciably more likely to meet their needs than any other form of ADR.

16

17  **XII.**  **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

18      The parties have been unable to come to an agreement about have a Magistrate Judge

19  conduct all further proceedings.  Dell does not consent to having a Magistrate Judge conduct all

20  further Proceedings.  Defendants consent to having a Magistrate Judge conduct all further

21  proceedings.

22

23  **XIII.** **OTHER REFERENCES:**

24      The parties do not believe that this case is suitable for binding arbitration, a special

25  master, or the Judicial Panel on Multidistrict Litigation.

26

27

28

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT AND RULE          - 12 -
26(F) REPORT - Case No. CV08-0781 TEH                                    22975\1573742.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**XIV.    NARROWING OF ISSUES**:

At this time and absent discovery, Dell is unaware of any issues that can be narrowed by agreement and are unaware of dispositive or partially dispositive issues appropriate for decision on a motion.  Defendants submit that if not settled, they may move for a motion for summary judgment.

**XV.    EXPEDITED SCHEDULE:**

At this time, the parties do not believe that this case requires an expedited schedule or streamlined procedures.

**XVI.    SCHEDULING**:

With this report, the parties have provided the court with proposed dates for designation and service of expert reports and a discovery cut off.  Dell proposes that dispositive motions be filed and served on or before January 8, 2009 with oppositions thereto served on or before March February 9, 2009 and reply briefs served on or before February 23, 2009.  Defendants propose that dispositive motions be filed and served on or before February15, 2009 with oppositions thereto served on or before March 16, 2009 and reply briefs served on or before April 4, 2009.

**XVII.    TRIAL:**

Plaintiff requests a trial by jury.  Dell respectfully requests that the Court set a trial date for May 2009.  Defendants believe the Court should set a trial date in June 2009.  The parties estimate that five (5) days will be required for trial.

**XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**:

Defendants are aware of the existence of Power First and Twin Power and believe that they  may be interested entities or persons at this time.  As discussed under Amendment of Pleading above, Dell is investigating other potential parties to be added as defendants, who

1    infringed Dell's trademarks and engaged in counterfeiting activities but it has not yet reached a

2    determination at this time.

3    **XIX.    OTHER MATTERS:**

4
         Dell has no other matter to present to the Court at this time of which it is aware.
5
     Defendants however allege that the parties have agreed that San Francisco is inconvenient to the
6
7    defendants, and respectfully request the court to consider reassignment to San Jose.  Dell submits

8    (i) that the Court has already considered and denied Defendants' motion to reassign the case to

9    San Jose, (ii) Dell never agreed that San Francisco is an inconvenient forum, and (iii) that

10   Defendants' request to reconsider that ruling has no merit in law or fact as they have presented no

11   new evidence, change in circumstances or change in the law that would warrant reconsideration.

12
         Concurrence in filing this document was obtained from Linda Shao in compliance with
13
     General Order No. 45, Section X.
14

15   Dated:  May 5, 2008                          FARELLA BRAUN & MARTEL LLP

16

17                                        By:    /s/  C. Brandon Wisoff
                                                 C. Brandon Wisoff
18                                               235 Montgomery Street
                                                 17th Floor
19                                               San Francisco, California 94104

20                                               Doreen L. Costa
21                                               *Pro Hac Vice*
                                                 Paul J. Reilly
22                                               *Pro Hac Vice*
                                                 Suzanne Hengl
23                                               *Pro Hac Vice*
                                                 Baker Botts L.L.P.
24                                               30 Rockefeller Plaza
                                                 New York, New York 10112
25
                                                 Attorneys for Plaintiff Dell Inc.
26

27

28

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT AND RULE          - 14 -
26(F) REPORT - Case No. CV08-0781 TEH                          22975\1573742.2

1    Dated:  May 5, 2008                    LAW OFFICES OF LINDA SHAO, APLC

2                                           By:  /s/_____

3                                                Linda Shao (CA 18276)
                                                 28 North First Street
4                                                Suite 618
                                                 San Jose, CA 95131

5
                                                 Attorney for Defendants Tenergy
6                                                Corporation and Porta Power Technology
                                                 Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT AND RULE            - 15 -
26(F) REPORT - Case No. CV08-0781 TEH                        22975\1573742.2